IN THE CIRCUIT COURT OF COOK COUNTY

| | |
|---|---|
| GEORGE'S TOWING INC. | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **VILLAGE OF DOLTON and** | )   Case No.   1:23-cv-06441 |
| **TIFFANY HENYARD, in her capacity** | ) |
| **as Mayor of the Village of Dolton, and** | ) |
| **ALISON KEY, in her capacity as** | ) |
| **Village Clerk** | ) |
| | ) |
|       **Defendants.** | ) |

**VERIFIED COMPLAINT FOR**

**DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, George's Towing Inc., by and through its attorneys, Gregory E. Kulis and Associates Ltd., and for its Verified Complaint for Declaratory and Injunctive relief against Defendants, Village of Dolton and Tiffany A. Henyard in her capacity as Mayor of the Village of Dolton and Alison Key in her capacity as Village Clerk states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, George's Towing Inc, is a towing company and yard located in the Village of Dolton at 14333 E. 142nd Street (hereinafter referred to as "George's Towing."

2. Defendant, the Village of Dolton, is a home rule unit of local government with a principal place of business of 14122 Martin Luther King Drive, Dolton IL 606419 (hereinafter the "Village" or "Dolton").

3. Defendant, Tiffany A. Henyard, is the Mayor of the Village of Dolton (hereinafter referred to as "Mayor").

4. Defendant, Alison Key, is the Clerk of the Village of Dolton (hereinafter referred to

1

as "Clerk").

5. This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(b)(3) because the action arises within the State of Illinois against a municipal corporation organized under the laws of the State. This Court also has jurisdiction because this action presents actual controversies or claims arising under Illinois law, the Illinois Constitution, and the United States Constitution. *See* 735 ILCS 5/2-701.

6. Venue is proper in Cook County pursuant to 735 ILCS 5/2-103 because Dolton's principal office is located within Cook County and the transactions out of which this action arose occurred in Cook County.

## **FACTS**

7. George's Towing is a vehicle towing company and yard located in the Village of Dolton licensed by the Illinois Commerce Commission.

8. George's Towing has operated for approximately 65 years in Dolton.

9. Dolton is a home rule municipality within Cook County, Illinois, with local jurisdiction of issuing or renewing licenses for establishments within the Village. See 235 ILCS 5/4-1.

10. In April of 2023, George's Towing filed and attempted to pay for the renewal of its business license with the Village, in that its current license was set to expire on April 30th 2023.

11. The Village of Dolton accepted the application.

12. As has occurred in the past and through verbal communication with agents of the Village, George's Towing would be allowed to continue to carry on its business bending the issuance of the license.

13. From April 2023 to the present date, the Village has not issued George's Towing its

business license and it has not been renewed by the Village since its expiration on April 30th 2023.

14. However, upon information and belief, the underlying reason for the Village's refusal to renew George's Towing's license is due George's Towing's refusal to support or contribute to her political campaign.

15. Despite numerous inquiries and requests George's Towing's license has not been issued or reinstated.

16. Dolton has not provided George's Towing with a letter or any form of writing justifying its basis for not renewing Plaintiff's business license. As it currently stands, and through no fault of its own, George's Towing is without a local business license.

17. George's Towing license with the Illinois Commerce Commission is valid and has never been questioned.

18. On July 28th 2023 numerous vehicles from the Village of Dolton swarmed on George's Towing demanding entry to the yard.

19. Entry was refused.

20. The Village of Dolton did not have a warrant.

21. Officer Lacey of the Village of Dolton informed the president of George's Towing, Patricia Twardosz, over the phone that she must release all vehicles in the tow lot without charge.

22. Officer Lacey informed Patricia Twardosz that she does not have a business license.

23. Patricia Twardosz informed Officer Lacey that it was not denied and it has not been issued and no one from the Village of Dolton will get back to her.

24. Patricia Twardosz has been verbally informed that she needs to pay a water bill from

2014 for approximately $24,000.

25. There is no valid water bill due and owing the Village of Dolton.

26. Any such water bill or charge has been fabricated.

27. This clearly fabricated charge was raised some years ago in 2021 but the Village of Dolton determined it to be not due and owing.

28. The attempt to have George's Towing to pay $24,000 is an additional attempt to extort money from George's Towing.

29. The ICC licensed drivers of George's Towing are fearful of driving or operating in Dolton because of this harassment and risk of being arrested.

30. George's Towing business is being interrupted and damaged because the Village of Dolton refuses to give it the business license, provide George's Towing a hearing, or even communicate with it.

31. As a result of the actions of the Village of Dolton, Mayor Henyard, and the Village Clerk Alison Key who refuses to issue the license; George's Towing's reputation, customer relations, ability to sign future tow contracts and attract new business sales are being irreparably harmed.

32. Such ongoing damage cannot be easily determined financially and therefore such irreparable injuries can only be curtailed and alleviated by injunctive relief.

33. George's Towing has no other remedy to obtain its business license without any type of administrative process to challenge the actions of the Village of Dolton, Mayor Tiffany Henyard, and Village Clerk Alison Key.

34. There is no adequate remedy at law if George's Towing cannot tow vehicles from Dolton or through Dolton to its yard.

35. George's Towing will not be able to recover from the actions of the defendant.

36. The refusal to provide a local business license will affect its status with the Illinois Commerce Commission.

37. Based on the refusal of the defendants to provide any due process the Plaintiff has demonstrated the strong likelihood and probability of success on the merits.

38. Plaintiff is entitled to injunctive relief due to Dolton's refusal to provide any form of administrative relieve for the defendant's decision not to issue or renew Plaintiff's license.

### COUNT I  42 USC § 1983 DUE PROCESS VIOLATION

1-38. The Plaintiff herby realleges and incorporates the allegations listed in paragraphs 1-38.

39. A license to do business constitutes a property interest.

40. Plaintiff's property interest has been deprived without any due process.

41. Such action of the defendants violates George's Towing's Fourth Amendment rights as protected by 42 USC § 1983.

42. The actions of the defendants are intentional, willful, and wanton.

43. The actions of the Defendants are taken under color of law

44. The Plaintiff is entitled to attorneys' fees and costs pursuant to 42 USC § 1988.

WHEREFORE the Plaintiff George's Towing Inc. prays that this honorable court grant judgement against the defendants as follows:

a) Enter an order that the Defendants jointly and severally have deprived George's Towing of its due process rights as protected under 42 USC § 1983.

b) Enjoin the Defendants from interfering with George's Towing ongoing right to conduct its business.

    c) Enter a temporary, preliminary, and permanent injunction against the Defendants.

    d) Award reasonable compensatory damages against the Defendants.

    e) Award attorney's fees and costs.

    f) Award the appropriate punitive damages against Tiffany Heyward and Allison Key

## **COUNT II – DECLARATORY JUDGEMENT 734 ILCS 512 -20**

1-44. The Plaintiff hereby re-alleges and incorporates its allegations of paragraphs 1-42 of Count I as its respective allegations of paragraphs 1-42 of Count II as though fully set forth herein.

45. The Village of Dolton, Mayor, and Village Clerk withheld renewing George's Towing license since April 2023—at no fault of Plaintiff's.

46. Despite the fact that the Village of Dolton is resurrecting a fabricated water bill the license has not been denied nor a hearing been set.

47. This, in turn, has caused and continues to cause harm to George's Towing business as it is incapable of operating at its professional level.

48. As such, George's Towing seeks a declaratory judgement to resolve the issue by declaring that the Village of Dolton, the Mayor, and the Clerk cannot refuse to renew its business license without a valid reason, holding an administrative hearing, and rendering a decision to deny the Plaintiff of its business license.

49. George's Towing has a property interest in adjudicating such issues raised to protect its right to hold a business license, its business operations, relationships with customers, and relationships with the Illinois Commerce Commission.

48. An actual case or controversy exists between George's Towing and the Village of

Dolton, the Mayor, and the Clerk as well as an immediate and legal dispute on the issues presented.

49. A declaration as to the parties' rights and the legality of the Defendants' actions in refusing to renew the business license will resolve the parties' controversy.

WHEREFORE the Plaintiff prays for judgement in its favor and against the Defendants jointly and severally as follows:

a) For a declaratory judgement enjoining renew and issue the Plaintiff's business license without a valid stated reason and/or providing an administrative hearing to challenge any such decision.

b) Enter a temporary, preliminary, and permanent injunction enjoining the Defendants from interfering with the Plaintiff's business by refusing to issue a business license and enjoying Defendants from arresting, ticketing, or seizing towed cars due to George's Towing not having a Dolton Business license.

c) Any further relief the court deems appropriate.

d) Attorneys' fees and costs.

## COUNT III MANDAMUS

1-49. The Plaintiff hereby re-alleges and incorporates its allegations of paragraphs 1-49 of Count I as its respective allegations of paragraphs 1-49 of Count II as though fully set forth herein.

50. George's Towing Inc. has a clear right to the renewal of its business license.

51. The Village of Dolton, the Mayor, and the Clerk have a clear duty to act upon the application of George's Towing business license.

52. George's Towing has a property interest in its business license and the right to have it renewed.

53. Based on the facts the Village of Dolton, the Mayor, and the Clerk's duty is ministerial and does not entail or involve the exercise of discretion.

54. George's Towing has made a demand of the village of Dolton, the Mayor, and the Clerk but the Defendants have refused to act reissuing said business license.

WHEREFORE the Plaintiff prays for judgement in its favor as follows:

a) Enter an order commanding the Village of Dolton, Tiffany Henyard as Mayor, and Alison Key as Village Clerk, to issue George's Towing Inc.'s business license without delay and instanter.

b) Order any other relief this court deems appropriate.

c) Attorneys' fees and costs.

## JURY DEMAND

The Plaintiff requests trial by Jury for all monetary damage claims.


Respectfully Submitted,

By: */s/ Gregory E. Kulis*
Gregory E. Kulis & Associates, Ltd.


**Gregory E. Kulis (#70798)**
**Gregory E. Kulis & Associates, Ltd.**
**134 North LaSalle Street, Suite 444**
**Chicago, Illinois 60602**
**p. (312) 580-1830**
**e. service@kulislawltd.com**