UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE'S TOWING INC. | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Judge Kocoras |
| | ) |
| VILLAGE OF DOLTON and | ) Case No. 1:23-cv-06441 |
| TIFFANY HENYARD, in her capacity | ) |
| as Mayor of the Village of Dolton, and | ) |
| ALISON KEY, in her capacity as | ) |
| Village Clerk | ) |
| | ) |
| **Defendants.** | ) |

## STATUS REPORT

1. **The Nature of the Case**

    A. **Attorneys of Record**

    **Counsel for Plaintiff**
    Gregory E. Kulis, No. 6180966 – Lead Counsel
    Gregory E. Kulis & Associates Ltd.
    134 N. LaSalle Street, Suite 444
    Chicago, IL 60602
    p. 312.580.1830 / f: (312) 580-1839
    e. gkulis@kulislawltd.com
    e. khurst@kulislawltd.com
    e: service@kulislawltd.com

    **Counsel for Defendants Village of Dolton and Allison Key**
    Michael J. McGrath
    Odelson, Murphy, Frazier & McGrath
    3318 W. 95th St.
    Evergreen Park, Illinois 60805
    e. mmcgrath@omfmlaw.com

    B. **Nature of the claims asserted in the Complaint and any Counterclaims and/or Third Party Claims.**

    Plaintiff is a tow operator in business in the Village of Dolton for over fifty years. Each year the Plaintiff submits application for a new business license. This year the application was filed by the April 30th 2023 deadline. No license has been issued.
    Plaintiff was never officially notified its business license was denied and no right of

appeal or hearing was provided.

Plaintiff alleges its business license has been threatened by Dolton for not having a business license despite requiring its renewal. Plaintiff contends that this was done as a result of the Plaintiff's failure and refusal to support the current administration.

Count I is a request for a temporary restraining order.

Count II is a declaratory action requesting a finding that its due process rights were violated.

### C. Major Legal Issues

The major legal issues are as follows:
- Whether Plaintiff complied with the application procedures.
- Whether Plaintiff's business was threatened and interfered.
- Whether the action was taken because of politics.
- Whether Plaintiff was damaged.

### D. Relief sought by the parties.

Plaintiff is seeking a preliminary injunction and a declaratory judgement as to its rights for failure to renew the license, failure to deny the license and failure to provide any remedy or hearing for the Village of Dolton's actions and inactions.

### E. The general status of the case

A temporary restraining order was entered and thereafter continued to September 28th 2023. The Court ordered for the parties to agree on a mutual date for the premises inspection which took place by agreement on September 27th 2023. The results of that inspection show there are still 1-2 items which Plaintiff contends are innacurate. The Parties request that to maintain the status quo the Temporary restraining Order should be extended until the next scheduled date.

## 2. Basis of Jurisdiction

### A. Federal statutes on which federal question jurisdiction is based.

This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois.

### B. Jurisdiction over any claims is based on diversity or supplemental jurisdiction:

This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

## 3. Status of Service: including any Defendants who have not been served.

Plaintiff filed a First Amended Complaint (Dkt. 6) naming the Defendants Village of Dolton, Mayor of Dolton Tiffany A. Henyard, and Village Clerk Allison Key. After the DelGado Law Firm withdrew, Michael McGrath filed an appearance for the village of Dolton and individual Defendant Allison Key. Defendants Key and Dolton now have representation. Plaintiff's Motion for Default against Defendant Henyard still stands. Plaintiffs anticipate no additional Defendants being served.

4. **Proposed Discovery Schedule.**

| Event | Deadline |
| --- | --- |
| Initial Disclosures | October 30th 2023 (stayed) |
| Issue Written Discovery | November 30th 2023 (stayed) |
| Amendment to the pleadings | December 15th 2023 (stayed) |
| Completion of Fact Discovery | June 16th 2024 (stayed) |
| Disclosure of Plaintiff's Expert Report(s) | July 30th 2024 (stayed) |
| Deposition of Plaintiff's Expert | August 20th 2024 (stayed) |
| Disclosure of Defendant's Expert Report(s) | September 15th 2024 (stayed) |
| Deposition of Defendant's Expert | October 15th 2024 (stayed) |
| Dispositive Motions | December 15th 2024 (stayed) |

5. **Motions:**

   A. **Pending motions.**

      1) The Defendant's Motion to Dissolve the Temporary Restraining Order.
      2) Plaintiff's Motion for Default as to Henyard

6. **Status of Settlement Discussions:**

   A. There have been no settlement discussions as of the date of this filing.
   B. The parties have had two additional inspections.

7. **Consent to Proceed Before a United States Magistrate Judge**

The Parties do not consent to proceed before a Magistrate Judge.

**Respectfully submitted,**

/s/ *Gregory E. Kulis*
Gregory E. Kulis
*One of Plaintiff's Attorneys*

**Gregory E. Kulis, No. 6180966**
**Gregory E. Kulis & Associates Ltd.**
**134 N. LaSalle Street, Suite 444**
**Chicago, IL 60602**
**p. 312.580.1830 / f: (312) 580-1839**
**e. gkulis@kulislawltd.com**

**Respectfully Submitted,**

/s/ *Mike McGrath*_____
Mike McGrath
*One of Defendants' Attorneys*

**Mike McGrath No. 6229820**
**Odelson, Murphy, Frazier & McGrath**
**3318 W. 95th St.**
**Evergreen Park, Illinois 60805**
**p. (708)424-5678**
**e. mmcgrath@omfmlaw.com**

## **CERTIFICATE OF SERVICE**

The undersigned non-attorney hereby certifies that the above **Joint Status Report** was filed on July 26, 2024 with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/ Zoe Swenson*
Zoe Swenson